**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ANDREW WILKERSON,** § | | |
| *Plaintiff,* § | | |
| § | No. 3:21-CV-00136-KC-RFC | |
| v. § | | |
| § | | |
| **ASHLEY C. HOFF, UNITED STATES** § | | |
| **ATTORNEY, et al.,** § | | |
| *Defendants.* § | | |

**REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On this day, the Court considered the status of the above-styled and numbered cause. On June 10, 2021, Plaintiff Andrew Wilkerson, proceeding *pro se*, filed his Complaint. (ECF No. 1.) On June 22, 2021, United States District Judge Kathleen Cardone referred this cause for resolution of all pretrial matters pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A)–(B), and Local Court Rules Appendix C. (ECF No. 7.)

After due consideration, the Court **RECOMMENDS** that Plaintiff's Complaint should be **DISMISSED** for lack of subject matter jurisdiction and in the alternative for failure to state a claim upon which relief can be granted.

## I.  BACKGROUND

On June 10, 2021, Plaintiff filed his Complaint "alleging negligence, civil rights violations, international & domestic terrorism and racketeering . . . [and] culpable negligence." (ECF No. 1:3.) The primary basis for Plaintiff's Complaint appears to be his eviction from The Pointe Apartments ("hereinafter Pointe Apartments") in June of 2021. (ECF No. 1:11-17.)

In his Complaint, Plaintiff further alleges fraud, "[b]reaching a lawful Gentleman's agreement made between Plaintiff and Pointe Apartments," violation of a CDC eviction

1

moratorium and the CARES Act generally, violation of a State Supreme Court of Texas Emergency Order, violation of the Texas Rent Relief Program, failure to verify Plaintiff's active duty military status, violation of his rights as a disabled veteran, violation of his Servicemember Civil Relief Act ("SCRA") rights, and "[v]iolating other federal and state statues [sic]."  (*Id.* at 3.)

Plaintiff names Ashley C. Hoff, United States Attorney, and Susan L. Pamerleau, United States Marshal (collectively, "the federal Defendants"), as representatives of their respective agencies, accusing them of the aforementioned crimes, as well as other crimes.  (*Id.* at 1.)  Plaintiff further names El Paso County Sheriff Richard Wiles and El Paso Police Chief Greg Allen (collectively, "El Paso Police Defendants"), also accusing them of participating in various crimes.  (*Id.*)

Plaintiff also names Trey Apffel, Executive Director of the State Bar of Texas, John Sirman, Associate Executive Director of the State Bar of Texas, Kalyn Laney, Deputy Executive Director of the State Bar of Texas, and Ray Cantu, a member of the Attorney Compliance Division of the State Bar of Texas (collectively, "Texas Bar Defendants"), accusing them of participating in various crimes and of being responsible for his eviction because they failed to revoke the licenses of the Pointe Apartments' attorneys.  (*Id.* at 1:1, 26.)

Plaintiff further names State of Texas Judge Robert Pearson, accusing him of various crimes, of violating his civil rights, and of participating generally in his unlawful eviction from Pointe Apartments (*Id.* at 1:2, 4, 11-17).

Lastly, Plaintiff names the Pointe Apartments, accusing it of various crimes and of various illegal actions related to his eviction (*id.*), and the law firm of Mounce, Green, Safi, Myers, Paxon, & Galatzan, P.C. (hereinafter, "Mounce Green"), for its representation of the Pointe Apartments in the eviction proceedings.  (*Id.*)

## II.   LEGAL STANDARDS

### a.   12(b)(1)

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

"In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

### b.   12(b)(6)

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 613 F.2d 507, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient facts "to state a

claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.*

Although *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, even a *pro se* complaint may not merely set forth conclusory allegations but must set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

## III.  ANALYSIS

### a. The Court lacks subject matter jurisdiction to decide any of Plaintiff's claims.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts only have original jurisdiction over three types of cases: (1) where the United States is a party; (2) where there is a "federal question" asserted; and (3) where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332, 1345. A plaintiff's well-pleaded complaint at the time of removal dictates whether subject matter jurisdiction exists. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9–10 (1983). District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Court notes that complete diversity does not exist in this case, as Plaintiff, the Pointe Apartments, Mounce Green, the Texas Bar Defendants, and the El Paso Police Defendants are all

citizens of Texas. The Court now turns to the question of whether any of Plaintiff's claims arise under federal law.

A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28. Under the well-pleaded complaint rule, a suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citation and internal quotation marks omitted). A corollary to the "well-pleaded complaint rule" is when Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 63-64 (1987). "Federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden*, 556 U.S. at 60 (citation and internal quotation marks omitted).

Plaintiff asks that the CARES Act be the basis for the Court's subject matter jurisdiction. (ECF No. 1:3.) In particular, Plaintiff alleges that the Pointe Apartment's violated the CARES Act by issuing him a "Three-Day Notice to Rent or Quit Demand for Payment" on April 14, 2021. (ECF No. 1:11.)

On March 27, 2020, the federal government enacted the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 1102, 134 Stat. 281, 286–294 (2020) (codified as amended at 15 U.S.C. § 636) (the "CARES Act"). "Sections 4022 through 4024 of the CARES Act addressed housing-related issues, including protections for holders of federally-backed mortgages." *Skyworks v. Centers for Disease Control & Prevention*, No. 5:20-cv-2407, 2021 WL 911720, at *2 (N.D. Ohio Mar. 10, 2021). Among other things, the CARES Act enacted a 120-

day moratorium on eviction filings based on the failure of a tenant residing in certain federally financed properties to pay rent. *Id.* That moratorium expired on July 24, 2020. *Id.*

As Plaintiff's eviction occurred long after the CARES Act eviction moratorium expired, the Court need not reach the question of whether Congress intended to create a private cause of action which would be applicable in this case. Therefore, the Court finds that the CARES Act is not a valid basis for the exercise of federal subject matter jurisdiction in this case.

Plaintiff also refers the Court to the Center for Disease Control's ("CDC") eviction moratorium as a basis for exercise of federal subject matter jurisdiction. (ECF No. 1:3.)

As another federal district court has explained, the CDC moratorium does not create a private right of action. *Brokers v. Matthews*, No. 1:21-cv-0567-TWT-LTW, 2021 WL 918814 (N.D. Ga. Feb. 17, 2021), *rec. adopted*, 2021 WL 913930 (N.D. Ga. Mar. 10, 2021). Enforcement of the CDC Order is to be through the "U.S. Department of Justice," which is empowered to "initiate court proceedings as appropriate." 85 FR 55292 at 55296. The decision not to create a federal remedy for private individuals "is tantamount to a congressional conclusion that the presence of a claimed violation of the CDC moratorium is insufficiently 'substantial' to confer federal-question jurisdiction." *Brookers*, 2021 WL 918814, at *2 (N.D. Ga. Feb. 17, 2021) (internal quotes, alterations omitted) (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986)).

As no private cause of action was created by the CDC eviction moratorium, the Court concludes that it does not provide a basis for exercise of subject matter jurisdiction.

Next, the Court turns to the various federal criminal laws Plaintiff cites in his Complaint as a basis for federal subject matter jurisdiction. This Court lacks authority to initiate federal criminal prosecutions, nor does Plaintiff's Complaint raise any factual basis for referring it for

6

prosecution. "There is no federal constitutional right to compel an investigation." *Starrett v. City of Richardson, Texas*, 766 F. App'x 108, 111 (5th Cir. 2019) (per curiam), *cert. denied*, 140 S. Ct. 122 (2019). "It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution." *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (per curiam) (citing *U.S. v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("The Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws.") (internal quotations omitted).

Finally, the Court turns to Plaintiff's claim that the Servicemembers Civil Relief Act, 50 App. U.S.C. § 591 ("SCRA"), applies and allows this Court to review the Texas state court's judgment that led to his eviction. (ECF No. 1:10, 13.) "The SCRA gives courts discretion to grant servicemembers relief from certain contracts entered into prior to their military service." *Carroll v. Homecomings Fin. Network*, 294 F. App'x 945 (5th Cir. 2008).

Under the *Rooker-Feldman* doctrine, federal district courts cannot review "state-court judgments rendered before the district court proceedings commenced[.]" *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284. Plaintiff's state court eviction case was decided on June 3, 2021. (ECF No. 1-13:2.) Plaintiff then filed his Complaint in the instant case on June 10, 2021. (ECF No. 1.) As Plaintiff commenced these proceedings before the federal district court after his state court judgment was rendered, this Court cannot review Plaintiff's claims under the *Rooker-Feldman* doctrine.

Neither the CARES Act, nor CDC's eviction moratorium, nor the SCRA, nor any federal criminal law cited by Plaintiff present a valid basis for federal question jurisdiction. As the remainder of Plaintiff's claims are rooted in state law, the Court must conclude that it lacks subject

matter jurisdiction. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.

The remainder of this Report and Recommendation will take up the various claims raised by Plaintiff as to each defendant, and discuss whether, assuming subject matter jurisdiction does exist, alternative grounds exist for dismissal of those claims. The Court concludes that alternative grounds for dismissal exist in each instance.

### b. The Federal Defendants are immune from suit.

Plaintiff names Ashley Hoff, United States Attorney for the Western District of Texas, and Susan Pamerleau, United States Marshal for the Western District of Texas (collectively "federal Defendants"), as defendants to his Complaint. (ECF No. 1:1.) While it is not apparent to the Court whether Plaintiff seeks to have these defendants prosecuted, or whether he has named them in an effort to spur them to initiate criminal proceedings against the other defendants in this case (*see id.* at 25-26), it is clear to the Court that it lacks subject matter jurisdiction over the federal Defendants for the following additional reasons.

Federal courts have jurisdiction over suits against the United States and its agencies (including the IRS) only to the extent that sovereign immunity has been waived. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Estate of Johnson*, 836 F.2d 940, 943 (5th Cir. 1988). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Thus, the scope of any waiver must be strictly construed in favor of the government. *Id.* (citation omitted); *McCarty v. United States*, 929 F.2d 1085, 1087 (5th Cir. 1991). Finally, "the plaintiff bears the burden of establishing subject matter

jurisdiction, and, thus, must prove an explicit waiver of immunity." *Ishler v. IRS*, 237 F. App'x 394, 398 (11th Cir. 2007) (citing *Sweet Pea Marine, Ltd. v. APJ Marine*, Inc., 411 F.3d 1242, 1248 n.2 (11th Cir. 2005)).

It is well settled that suits filed against federal government employees acting in their official capacities must be construed as suits against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166–67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Plaintiff is suing the federal Defendants in their official capacity as heads of their respective offices, and thus is suing the federal defendants as representatives of their respective agencies, the U.S. Department of Justice and the U.S. Marshals Service. Therefore, the Court finds that the federal Defendants are entitled to absolute immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, the Court recommends dismissing Plaintiff's Complaint as to the federal Defendants.

Moreover, Plaintiff identifies no injury that the federal Defendants have caused him, and therefore lacks standing to sue them. "Article III standing, at its 'irreducible constitutional minimum', requires Plaintiffs to demonstrate: they have suffered an 'injury in fact'; the injury is 'fairly traceable' to the defendant's actions; and the injury will 'likely . . . be redressed by a favorable decision.'" *Public Citizen, Inc. v. Bomer*, 274 F.3d 212, 217 (5th Cir. 2001) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1991)). "[A]n injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560.

Although Plaintiff has identified an injury in fact—his eviction from his apartment—he has failed to identify anywhere in his Complaint how that injury is traceable to the federal Defendants. Therefore, Plaintiff lacks standing to sue the federal Defendants and the Court recommends that his Complaint be dismissed as to them.

### c. Judge Robert Pearson is immune from suit.

Next, Plaintiff asks that Judge Robert Pearson be criminally prosecuted and held civilly liable for his role in Plaintiff's eviction. (ECF No. 1:4, 11-17, 25.) Plaintiff's claims against Judge Pearson fail because Judge Pearson is entitled to absolute judicial immunity in this instance.

Judges are absolutely immune from liability for damages for judicial acts "that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989), *cert. denied*, 492 U.S. 921 (1989). The Fifth Circuit weighs four factors in determining whether an act is "judicial": (1) whether the specific act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or in an appropriate related space, such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *See McAlestar v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972). These factors are construed broadly in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

Plaintiff's sole claim against Judge Pearson is that he incorrectly decided Plaintiff's state court eviction case. Judge Pearson's role in that proceeding satisfies all the above factors, and he is accordingly entitled to absolute judicial immunity in this case. The Court therefore recommends that Plaintiff's Complaint be dismissed as to Judge Pearson, as he is immune from suit.

### d. The El Paso Police defendants are immune from suit.

Plaintiff also attempts to lodge criminal and civil claims against the El Paso Police Defendants. (ECF No. 1:1, 4, 20, 24.) On July 6, 2021, Defendant Greg Allen filed a motion to dismiss for failure to state a claim (ECF No. 11) and a motion to quash. (ECF No. 12.) On July

8, 2021, Defendant Richard Wiles filed a motion to dismiss for lack of jurisdiction or in the alternative for failure to state a claim.  (ECF No. 15.)  To date, Plaintiff has filed no response.

As with Plaintiff's claims against the federal Defendants, Plaintiff's claims fail against the El Paso Police Defendants.  Plaintiff is suing the El Paso Police Defendants in their official capacities as El Paso County Police Chief and El Paso County Sheriff.  However, Plaintiff's Complaint fails to indicate any waiver of sovereign immunity which would allow him to sue the city of El Paso or the state of Texas.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.")

As Plaintiff has failed to allege any valid waiver of sovereign immunity that would allow the Court to exercise subject matter jurisdiction over the El Paso Police Defendants, Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

### e. **Plaintiff lacks standing to sue the State Bar of Texas Defendants.**

Plaintiff's sole civil claim against the Texas Bar Defendants is that they negligently failed to revoke the law licenses of attorneys at Mounce Green for their participation in the eviction lawsuit.  (ECF No. 1:4-5.)  As with the other defendants, Plaintiff asks that the Texas Bar Defendants be prosecuted under various federal criminal statutes.  (*Id.*)  To date, Plaintiff has filed no response.

Like Plaintiff's claim against the federal Defendants, Plaintiff lacks standing against the Texas Bar Defendants because he cannot argue that his injury—his eviction from the Pointe Apartments—is "fairly traceable" to the Texas Bar Defendants.  *Public Citizen,* 274 F.3d at 217.  Assuming, *arguendo*, that the State Bar of Texas should have revoked Mounce Green attorneys' licenses for reasons related to the state court eviction proceeding (a scenario the Court finds fanciful at best), the revocation would in no way remedy Plaintiff's injury.

As Plaintiff lacks standing to sue the Texas Bar Defendants, the Court accordingly recommends that his Complaint be dismissed as to those defendants. Regarding Plaintiff's demand that the Texas Bar Defendants be held criminally liable, the Court reiterates that it lacks authority to direct DOJ prosecutions.

### f. Plaintiff fails to state a claim against Defendant Pointe Apartments.

Plaintiff lodges claims against the Pointe Apartments grounded only in criminal law, demanding that the Pointe Apartments be prosecuted for international and domestic terrorism, war crimes, genocide, and slavery. (ECF No. 1:3-4, 24-25.) On June 28, 2021, the Pointe Apartments filed a combined motion to dismiss for failure to state a claim, or alternatively for insufficient service of process, or for lack of subject matter jurisdiction, as well as an answer to Plaintiff's Complaint. (ECF No. 8.) To date, Plaintiff has filed no response.

The Court reiterates that it lacks authority to initiate criminal proceedings. Nor can the Court direct the prosecutorial function of the Department of Justice. Plaintiff also lacks any such authority. Because Plaintiff raises only criminal claims against the Pointe Apartments, the Court accordingly finds that he has both failed to present a basis for subject matter jurisdiction and has moreover failed to state a claim upon which relief should be granted. Therefore, the Court recommends that Plaintiff's claims against the Pointe Apartments should be dismissed.

### g. Plaintiff fails to state a claim against Defendant Mounce Green.

Plaintiff alleges various violations of criminal law against Mounce Green, and he asks that its attorneys "be held without bail," that the U.S. Marshal "seize all [Mounce Green's] property and assets," and that the "Department of Justice liquidate all [its] property and assets." (ECF No. 1:3-4, 24-25.)

As with the other defendants in Plaintiff's Complaint, the Court is unable to direct the prosecutorial functions of the Department of Justice. Nor does it find any factual basis in Plaintiff's Complaint to refer this cause for investigation. Therefore, the Court recommends that Plaintiff's claims as to Mounce Green be dismissed for lack of subject matter jurisdiction.

## IV.     CONCLUSION

Accordingly, the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** for being frivolous, for failure to state a claim, and for lack of subject matter jurisdiction.

**SIGNED** this 27th day of July, 2021.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**